# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DEXTER SHAW,

    Plaintiff,

v.

STEVE UPTON; WARDEN ROBERT TOOLE; JOHN PAUL; JANET BREWTON; ROY SABINE; MILTON SMITH; and LISA FOUNTAIN,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-6

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court are Plaintiff's Objections to the March 2, 2016, Report and Recommendation, (doc. 6), and Defendants' Motion for More Definite Statement, or alternatively, Motion for Extension of Time, (doc. 19). Plaintiff informed the Court that he had a motion for dismissal pending with the Eleventh Circuit Court of Appeals regarding this Court's ruling in Case Number 6:14-cv-48. (Doc. 7.) In response, the Court instructed Plaintiff to inform the Court when the Eleventh Circuit entered an order on Plaintiff's Motion. The Court advised it would then either re-visit its Report and Recommendation or submit Plaintiff's Objections and the Report and Recommendation to the presiding District Judge. Plaintiff has now notified the Court that the Eleventh Circuit granted his motion for dismissal of his appeal of this Court's decision in Case Number 6:14-cv-48. (Doc. 16.) Based on the finality of this Court's decision in Case Number 6:14-cv-48 and Plaintiff's submissions to the Court in this cause of action after the issuance of the Report and Recommendation, the Court **VACATES only** the portion of the March 2, 2016, Report and Recommendation regarding Plaintiff's

exhaustion, (doc. 4, pp. 10–11), and enters the following in its stead. Additionally, given the below analysis, I no longer recommend that the Court dismiss Plaintiff's claims against Defendant Paul. The remainder of the March 2, 2016, Report and Recommendation, except as contradicted herein, remains in full force and effect.

Based on the following, I **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). In addition, the Court **DISMISSES** as moot Defendants' Motion for More Definite Statement but **GRANTS** Defendants' alternative Motion for Extension of Time. Defendants shall file a responsive pleading to Plaintiff's Complaint, as amended, within twenty-one (21) days of this Order.[1] The Court **DIRECTS** the United States Marshals Service to serve a copy of Plaintiff's Complaint, Amended Complaint, the March 2, 2016, Order and Report and Recommendation, and this Order and Report and Recommendation upon Defendant Paul. The Court **DIRECTS** Defendant Paul to follow the instructions contained in the Court's March 2, 2016, Order. (Doc. 4.)

## BACKGROUND

In his 27-page Complaint, Plaintiff set forth various and wide-ranging claims against the named Defendants. (Doc. 1.) After conducting the requisite frivolity review of Plaintiff's Complaint, the Court concluded Plaintiff set forth the following plausible claims: 1) deliberate indifference to serious medical needs claims against Defendants Sabine, Brewton, and Toole;

---

[1] Defendant Paul ordinarily would have 60 days after the United States Marshals Service mailing of a waiver of reply to file a responsive pleading. (Doc. 4, p. 25.) However, the Court presumes that counsel representing the other named Defendants will also represent Defendant Paul, and counsel will suffer no prejudice in having to file a responsive pleading to Plaintiff's Complaint on Defendant Paul's behalf at the same time he files a responsive pleading on behalf of all other named Defendants.

2) retaliation claims against Defendants Fountain, Toole, Brewton, Sabine, and Upton[2]; 3) access to court claims against Defendants Fountain, Toole, and Smith; and 4) conspiracy claims against Defendants Fountain, Toole, and Smith. (Doc. 4, pp. 19–23.) The Court directed service of Plaintiff's Complaint on these Defendants. In contrast, I recommended that the Court dismiss Plaintiff's religious exercise claims under the RLUIPA and the First Amendment and his claims against Defendant Paul based on exhaustion grounds. Additionally, I recommended dismissal as to Plaintiff's deprivation of property, access to grievance procedure, and due process claims, as well as any claims arising from events occurring in 2010. (Id. at pp. 9–16.)

Plaintiff filed a Motion to Amend and a Notice of Good Faith Showing. (Docs. 7, 8.) The Court granted Plaintiff's Motion for Leave to Amend. (Doc. 14.) In reviewing Plaintiff's "Good Faith Showing", by which Plaintiff informed the Court that he had moved the Eleventh Circuit Court of Appeals for the dismissal of his appeal in Case Number 6:14-cv-48, the Court advised Plaintiff the Eleventh Circuit had yet to rule on his motion. (Id. at p. 2.) The Court directed Plaintiff to inform the Court of the Eleventh Circuit's disposition and, at that time, the Court would either revisit its Report and Recommendation as to the exhaustion issue or submit the Report and Recommendation, along with Plaintiff's Objections, to the presiding District Judge. (Id.) Plaintiff has informed the Court that the Eleventh Circuit granted his motion for

---

[2] The Court neglected to list Defendant Fountain as a remaining Defendant as to Plaintiff's retaliation claims. (Doc. 4, p. 21 ("Plaintiff's retaliation claims against Defendants Sabine, Brewton, Toole, and Upton remain pending.").) However, in recounting Plaintiff's allegations, the Court noted Plaintiff alleged Defendant Fountain (and Defendant Toole) failed to overturn sanctions as a retaliatory measure. (Id. at p. 20.) Consequently, Defendants are notified that Plaintiff's retaliation claim against Defendant Fountain remains pending, should there have been any doubt.

dismissal. (Doc. 16.) Plaintiff also filed Objections to the Report and Recommendation, and the Court now addresses the relevant portions of Plaintiff's Complaint.[3]

## DISCUSSION

**I.  Exhaustion Issues**

Plaintiff asserts he exhausted the claims set forth in Grievance Number 173334 prior to the filing of his Complaint in Case Number 6:14-cv-48 on May 19, 2014. (Doc. 6, p. 2.) Plaintiff contends he filed this grievance on April 29, 2014. According to Plaintiff, this shows that he exhausted his religious exercise and cruel and unusual punishment claims against Defendants Toole, Paul, Upton, and Smith prior to filing this cause of action.

A review of the Court's Report and Recommendation and Order regarding the motion to dismiss in Case Number 6:14-cv-48 reveals that Plaintiff exhausted his administrative remedies regarding his religious exercise claims prior to filing this cause of action in January 2016. In Case Number 6:14-cv-48, the Court noted:

> Defendants' records reveal that Plaintiff filed Grievance Number 173334 on April 29, 2014, (id.), in which he stated he filed a grievance on March 27, 2014, and alleged in that grievance he was denied his religious diet. (Doc. 57, p. 12.) The Warden denied Plaintiff's April 29, 2014, grievance on July 21, 2014, and Plaintiff received the denial on July 28, 2014. (Id. at p. 14.) Plaintiff appealed the Warden's denial, and his appeal was likewise denied on August 26, 2014.

R. & R., Shaw v. Toole, et al., 6:14-cv-48 (S.D. Ga. July 27, 2015), ECF No. 65, p. 11. While on those facts Grievance Number 173334 could not serve as exhaustion in Case Number 6:14-cv-48, the same cannot be said at this stage of litigation in the present case. Based on the evidence before the Court, it appears Plaintiff exhausted his religious exercise claims stemming from events occurring in March 2014 while he was housed at Georgia State Prison prior to the

---

[3] The Court will submit this Report and Recommendation and any Objections thereto along with Plaintiff's remaining Objections to the still-pending portions of the March 2, 2016, Report and Recommendation to the District Court Judge.

4

filing of his Complaint here. Thus, the Court discusses the relative merits of Plaintiff's religious exercise claims and his deliberate indifference to a serious medical need claims accruing prior to June 2014.

## II. Plaintiff's Claims in Need of Frivolity Review

In his Complaint, Plaintiff contends he was transferred to Georgia State Prison ("GSP") in March 2014. Plaintiff generally alleges that, while he was housed at GSP during this second occasion, Defendants were aware of his dietary needs, as required by the tenets of his religion; however, despite this knowledge, Defendants did not ensure Plaintiff received the proper food trays. Plaintiff avers he spoke with Defendant Toole, the Warden at GSP, during inspection and told Defendant Toole about being denied his vegan meals and adequate nutrition, and Defendant Toole told him GSP did not provide vegan meals at that time. Plaintiff asserts he stopped accepting any trays containing meat or animal byproducts on May 8, 2014. (Doc. 1, p. 13.) Plaintiff maintains Defendants' actions were carried out with the intent to harm Plaintiff or to cause him irreparable injuries. Plaintiff states he underwent a surgical procedure on his right shoulder and, due to the lack of nutrients, his incision would not heal properly. (Id.) Plaintiff alleges he was told the only way he was going to get medical attention would be if his medical needs were urgent or presented a life or death situation.[4] (Id. at p. 16.)

### A. Plaintiff's Religious Exercise Claims

Plaintiff's assertions that he was denied meals in accordance with the tenets of his religious beliefs give rise to discussion under the First Amendment and the RLUIPA.

---

[4] The Court presumes, for purposes of this frivolity review, that Plaintiff's deliberate indifference claims are levied against all named Defendants. Plaintiff is cautioned that he may have to put forth more than collective allegations for these claims to survive any dispositive motion Defendants may file.

5

1. Plaintiff's claims based on the RLUIPA

The RLUIPA provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of [Title 42], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-

(1) is in furtherance of a compelling government interest; and

(2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). A plaintiff bears "the initial burden of proving" a policy or action "implicates his religious exercise. Holt v. Hobbs, ___ U.S. ___, 135 S. Ct. 853, 862 (Jan. 20, 2015). The RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]" 42 U.S.C. § 2000cc–5(7)(A). A plaintiff also has the burden of establishing the policy or action "substantially burden[s an] exercise of religion." Holt, ___ U.S. at ___, 135 S. Ct. at 862.

According to Plaintiff, Defendants' denial of nutritious meals based on the tenets of his religion imposed a substantial burden on the exercise of his religion. The Court must accept such assertions as true in conducting a frivolity review. Thus, Plaintiff arguably sets forth a plausible cause of action pursuant to the RLUIPA against all named Defendants. However, such a claim is limited to potential injunctive relief.

"Section 1997 defines an institution as a facility or institution that, among other things, 'is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State.'" Ish Yerushalayim v. United States, 374 F.3d 89, 92 (2d Cir. 2004) (quoting 42 U.S.C. § 1997(1)(A)). The "RLUIPA creates a private cause of action for a prison inmate if section 3 is violated, and further provides that the complaining party, if successful, may

'obtain appropriate relief against a government.'" Smith v. Allen, 502 F.3d 1255, 1269 (11th Cir. 2007) (quoting 42 U.S.C. § 2000cc–2(a)), and *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277 (2011). "The phrase 'appropriate relief' in [the] RLUIPA encompasses monetary as well as injunctive relief." Id. at 1271. However, "a prisoner plaintiff's right to monetary relief is severely circumscribed by the terms of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)[sic]." Id. The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); see also Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002) (construing § 1997(e) as barring a prisoner from obtaining compensatory damages for solely mental or emotional harm while he is in custody). Moreover, the Eleventh Circuit has held that Section 3 of the RLUIPA (42 U.S.C. § 2000cc-1) "cannot be construed as creating a private action against individual defendants for monetary damages." Smith v. Allen, 502 F.3d at 1275.

For these reasons, Plaintiff's monetary damages claims against Defendants under the RLUIPA are barred, and the Court should **DISMISS** those claims. However, as stated above, Plaintiff's RLUIPA claims for injunctive relief against Defendants will proceed.

### 2. Plaintiff's Free Exercise Claims

"To establish a violation of his right to free exercise," a plaintiff "must first establish that a state actor imposed a "substantial burden" on his practice of religion." Wilkinson v. GEO Grp., Inc., No. 14-10215, 2015 WL 1526642, at *2 (11th Cir. Apr. 7, 2015) (citing Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater, 2 F.3d 1514, 1549 (11th Cir. 1993)). The defendants can then support their conduct on the ground that they applied a "neutral law of general applicability[.]" Emp't Div., Dep't of Human Res. of Or. v. Smith, 494 U.S. 872, 879

(1990). "In the prison context, the state actor can also defend the action if it is 'reasonably related to legitimate penological interests.'" Wilkinson, 2015 WL 1526642, at *2 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). To prove that his right to religious exercise was substantially burdened, a plaintiff "must present evidence that he was coerced to perform conduct that his religion forbids or prevented from performing conduct that his religion requires." Id.; cf. Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004) (concluding that, under the RLUIPA, "a 'substantial burden' must place more than an inconvenience on religious exercise; a 'substantial burden' is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly."). Plaintiff's allegation that Defendants denied him meals in accordance with the tenets of his religion arguably sets forth a free exercise claim against Defendants.

**B.     Plaintiff's Deliberate Indifference Claims (Not Based on Delay in Treatment)**

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when a defendant shows a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendant showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendant's acts or omissions and the alleged constitutional deprivation. Id.

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511

U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id.

Plaintiff's assertions that he had surgery on his shoulder and Defendants knew he needed proper nutrition to allow for proper healing arguably set forth a plausible deliberate indifference claims against all Defendants.

## III. Defendants' Motion for More Definite Statement

Defendants seek clarification as to the claims and Defendants remaining in this cause of action. (Doc. 19, p. 1.) In the alternative, Defendants seek an extension of time to file a responsive pleading to Plaintiff's Complaint.

As set forth in this Order and in the Court's March 2, 2016, Order, it is clear as to which claims against which Defendants remain pending at this time. Thus, the Court **DISMISSES** as moot this portion of Defendants' Motion. However, the Court will allow Defendants a period of twenty-one (21) days in which to file a responsive pleading in this matter and **GRANTS** this portion of Defendants' Motion.

## CONCLUSION

I **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). In addition, the Court **DISMISSES** as moot Defendants' Motion for More Definite Statement but **GRANTS** Defendants' alternative Motion for Extension of Time. Defendants shall file a responsive pleading to Plaintiff's Complaint, as amended, within twenty-one (21) days of this Order.[5] The Court **DIRECTS** the United States Marshals Service to serve a copy of Plaintiff's Complaint, Amended Complaint, the March 2, 2016, Order and Report and Recommendation, and this Order and Report and Recommendation upon Defendant Paul. The Court **DIRECTS** Defendant Paul to follow the instructions contained in the Court's March 2, 2016, Order. (Doc. 4.)

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

---

[5] Defendant Paul ordinarily would have 60 days after the United States Marshals Service mailing of a waiver of reply to file a responsive pleading. (Doc. 4, p. 25.) However, the Court presumes that counsel representing the other named Defendants will also represent Defendant Paul, and counsel will suffer no prejudice in having to file a responsive pleading to Plaintiff's Complaint on Defendant Paul's behalf at the same time he files a responsive pleading on behalf of all other named Defendants.

10

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA