IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

    Plaintiff,

v.

STEVE UPTON; WARDEN ROBERT
TOOLE; JOHN PAUL; JANET BREWTON;
ROY SABINE; MILTON SMITH; and LISA
FOUNTAIN,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-6

## **ORDER**

Presently before the Court are Plaintiff's remaining Objections to the Magistrate Judge's Report and Recommendation dated March 2, 2016, (doc. 4), and his Objections to the Magistrate Judge's Report and Recommendation dated August 15, 2016, (doc. 23). In his Objections to the Magistrate Judge's first Report and Recommendation, Plaintiff primarily stated that he either agreed with the Magistrate Judge's recommendations or that he waives certain claims. (Doc. 6.) The Magistrate Judge subsequently vacated a portion of his March 2, 2016, Report and Recommendation based on Plaintiff's Objections and conducted a frivolity review of those claims affected by the vacatur.[1] That second frivolity review occurred in the Magistrate Judge's Report and Recommendation of August 15, 2016.

After a *de novo* review of the entire record, the Court **CONCURS** with the portions of the Magistrate Judge's March 2, 2016, Report and Recommendation which have not been vacated. The Court **DISMISSES** Plaintiff's monetary damages claims against Defendant Upton

---

[1] Specifically, the Magistrate Judge vacated that portion of his Report and Recommendation that recommended dismissal of some claims for failure to exhaust. (Doc. 23, pp. 4–5.)

in his official capacity, Plaintiff's claims arising from events occurring in 2010, and Plaintiff's deprivation of property, access to grievance procedures, and due process claims. The Court **DENIES** Plaintiff's request for preliminary injunctive relief. The Court **OVERRULES** any of Plaintiff's remaining Objections to the Magistrate Judge's first Report and Recommendation.

The Court also **OVERRULES** Plaintiff's Objections to the Magistrate Judge's August 15, 2016, Report and Recommendation. (Doc. 24.) Consequently, the Court **ADOPTS** the Magistrate Judge's second Report and Recommendation, as supplemented herein, as the opinion of the Court. In his Objections, Plaintiff contends the Magistrate Judge overlooked his assertions that the retaliatory actions of Defendants Paul, Upton, Toole, and Smith led to Plaintiff being denied adequate nutrition, resulting in weight loss of over thirty pounds, vomiting, nausea, and the loss of sleep. However, the Magistrate Judge sanctioned Plaintiff's Eighth Amendment claims against all Defendants, including those claims related to Plaintiff's assertions of inadequate nutrition. (Doc. 22, p. 5 n.4, p. 9.) Consequently, this Objection is without merit.

Plaintiff also states he is entitled to nominal and punitive damages under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.* ("RLUIPA"). Plaintiff's belief is understandable but mistaken. The Eleventh Circuit Court of Appeals had determined that monetary damages under the RLUIPA were limited only to nominal damages in a state official's official capacity under the "appropriate relief" provision of the RLUIPA. Smith v. Allen, 502 F.3d 1255, 1271, 1276 (11th Cir. 2007). However, in Sossamon v. Texas, 563 U.S. 277, 293 (2011), the United States Supreme Court held that "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver." Thus, Plaintiff cannot maintain any monetary damages claims against Defendants based on his

RLUIPA claims. As the Magistrate Judge determined, Plaintiff is limited to potential injunctive relief under the RLUIPA. (Doc. 23, p. 7.) Consequently, the Court **OVERRULES** Plaintiff's Objections and **DISMISSES** Plaintiff's monetary damages claims under the RLUIPA in their entirety.

However, as the Magistrate Judge explained in his Report and Recommendations, Plaintiff's allegations in his Complaint plausibly state the following claims: 1) deliberate indifference to serious medical needs claims against Defendants Sabine, Brewton, and Toole; 2) retaliation claims against Defendants Fountain, Toole, Brewton, Sabine, and Upton; 3) denial of access to court claims against Defendants Fountain, Toole, and Smith; 4) conspiracy claims against Defendants Fountain, Toole, and Smith; 5) RLUIPA claims for injunctive relief against all Defendants; 6) violation of the right to free exercise of religion claims against all Defendants; and 7) deliberate indifference to medical needs claims, not based on delay in treatment but on a failure to provide nutrition necessary for healing, against all Defendants.

**SO ORDERED**, this 30th day of September, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA