IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

    Plaintiff,

v.

STEVE UPTON; WARDEN ROBERT TOOLE; JOHN PAUL; JANET BREWTON; ROY SABINE; MILTON SMITH; and LISA FOUNTAIN,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-6

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 60), to which Plaintiff failed to file Objections.[1] Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **GRANTS** Defendants' Motions to Dismiss. (Docs. 25, 45.) The Court **DISMISSES without prejudice** the following claims based on Plaintiff's failure to exhaust his administrative remedies: (1) deliberate indifference to serious medical needs claims against Defendants Sabine, Brewton, and Toole; (2) all retaliation claims except Plaintiff's claim that Defendants Upton and Toole placed him on long-term disciplinary segregation; (3) conspiracy claims against Defendants Fountain, Toole, and Smith; and

---

[1] Plaintiff filed a pleading entitled "Submission of Facts and Evidence to Court Records". (Doc. 61.) Plaintiff complains about the grievance procedures available at Georgia Department of Corrections' facilities and asserts that there is a widespread conspiracy to deny access to these procedures. (Id. at pp. 1, 2.) This is an assertion Plaintiff has advanced on previous occasions—and which this Court has rejected, including in this case. To the extent this pleading can be construed as Objections to the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Plaintiff's Objections as unresponsive to the Report and Recommendation.

(4) deliberate indifference to medical needs claims, for failure to provide nutrition necessary for healing, against all Defendants. Additionally, the Court **DISMISSES as moot** any and all claims for injunctive relief, including Plaintiff's Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et al.*, claims for injunctive relief against all Defendants.

The only claims that remain are Plaintiff's: (1) denial of access to court claims against Defendants Fountain, Toole, and Smith; (2) claims that Defendants Upton and Toole retaliated against Plaintiff by placing him on long-term disciplinary segregation; and (3) First Amendment free exercise of religion claims against all Defendants.

**SO ORDERED**, this 26th day of May, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2