IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

    Plaintiff,

v.

STEVE UPTON; WARDEN ROBERT TOOLE; JOHN PAUL; JANET BREWTON; ROY SABINE; MILTON SMITH; and LISA FOUNTAIN,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-6

## ORDER

Presently before the Court are Plaintiff's Motion to be Relieved of the Court's Order, which he has made pursuant to Federal Rule of Civil Procedure 60, (doc. 113), and Plaintiff's Motion for Evidentiary Hearing, (doc. 122). Defendants filed Responses. (Docs. 117, 130.) Plaintiff contends the new evidence he has attached to his Rule 60 Motion demonstrates fraud or misrepresentation, and he cites to Rule 60(b)(3). For the reasons which follow, the Court **DENIES** Plaintiff's Motions.

### I. Rule 60(b)(3) Motion

A court "may relieve a party . . . from a final judgment . . . for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). The movant has the burden of proving that assertion by clear and convincing evidence. Attea v. Univ. of Miami, 678 F. App'x 971, 974 (11th Cir. 2017) (citing Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978)). "Evidence of an opposing party's carelessness is insufficient to justify relief." Id. (citing First Nat'l Life Ins. Co.

v. Cal. Pac. Life Ins. Co., 876 F.2d 877, 883 (11th Cir. 1989)). "The moving party must also demonstrate the alleged conduct prevented [him] from fully presenting [his] case." Guthrie v. Wells Fargo Home Mortg. NA, 706 F. App'x 975, 977 (11th Cir. 2017) (citation omitted).

The Court's Order dated May 26, 2017, (doc. 62), is not a final judgment. Rather, the Court granted Defendants' Motion to Dismiss, disposing of some—but not all—of Plaintiff's claims. However, the Court made clear in its Order that Plaintiff's: (1) denial of access to courts claims against Defendants Fountain, Toole, and Smith; (2) claims that Defendants Upton and Toole retaliated against Plaintiff by placing him on long-term disciplinary segregation; and (3) First Amendment free exercise of religion claims against all Defendants remain pending. (Id. at p. 2.) Consequently, Plaintiff cannot use Rule 60(b)(3) as a means by which to attack this Court's May 26, 2017, Order.

Even if Plaintiff could use Rule 60(b)(3) to attack this Order, he still is not entitled to his requested relief. A review of the documents Plaintiff submitted in support of his Motion fails to reveal by clear and convincing evidence that Defendants committed fraud, misrepresentation, or misconduct during the pendency of their motion to dismiss. Plaintiff filed his Complaint on January 19, 2016, (doc. 1), and detailed events occurring on or before September 16, 2014, (see doc. 4, pp. 2–5.) On September 26, 2016, Defendants moved to dismiss certain of Plaintiff's claims based on their assertion Plaintiff failed to exhaust his administrative remedies as to these claims and because Plaintiff's transfer from Georgia State Prison mooted certain other claims. (Doc. 25.)

In addressing Defendants' motion, the Magistrate Judge detailed and assessed five (5) of Plaintiff's grievances to determine whether Plaintiff had exhausted his administrative remedies, and the latest of those grievances was dated July 21, 2014. (Doc. 60, pp. 12–25.) The

Magistrate Judge specifically discussed Plaintiff's Grievance Number 173334, which is dated April 29, 2014, wherein Plaintiff complained about being denied vegan meals and access to the grievance procedures, as well as a purported unnumbered grievance filed on October 2, 2014, detailing the lack of physical therapy. (Id. at pp. 13, 17–20, 22, 24–25; Doc. 113, pp. 13–14, 23.) The Magistrate Judge thoroughly reviewed Plaintiff's grievance history filings, and he made detailed findings as to Plaintiff's credibility as to his contentions regarding the filing and/or alleged destruction of grievances. Plaintiff appears to make many of the same arguments in the instant Motion as he already has on previous occasions. The Magistrate Judge rejected Plaintiff's assertions, and the Court concurred with the Magistrate Judge's findings when conducting its independent and *de novo* review of Defendants' motion to dismiss. What is more, Plaintiff's instant filing—as the Court has determined on previous occasions—contains unverifiable and non-enumerated grievance receipts. Even if the Court were to accept the filings as being verifiable, these receipts provide no support for Plaintiff's seeming contention that he exhausted his administrative remedies as to all of his claims. Rather, the most these grievance receipts show is that Plaintiff may have filed these grievances at the institutional level. However, these receipts offer no support for any contention Plaintiff properly completed the administrative remedies process as to any of these grievances, as the Magistrate Judge detailed.

In sum, Plaintiff fails to meet his burden under Rule 60(b). Accordingly, the Court **DENIES** Plaintiff's Motion.

## II.     Motion for Reconsideration

Plaintiff's present Motion actually appears to be one moving for reconsideration of the Court's May 26, 2017, Order. A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel.

3

Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. He fails to present any newly-discovered, material evidence in support of his Motion, and he does not demonstrate that the Court's previously-entered Order represents a manifest error of law or fact. In fact, Plaintiff offers no reason for the Court to reconsider its previously-entered Order. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's Order dated May 26, 2017, remains the Order of the Court.[1] As the Magistrate Judge has already advised, the parties shall have **twenty-one (21) days** from the date of this Order to file any desired dispositive motion.

### III. Motion for Evidentiary Hearing

In his Motion for an Evidentiary Hearing, (doc. 122), Plaintiff requests that the Court hold an evidentiary hearing in support of his Motion for Jury Instructions, (doc. 115), and Motion for Relief from Court Order and to oppose Defendants' not-yet-filed motion for summary judgment. Through the parties' briefing on Plaintiff's Motions, the Court already has

---

[1] Plaintiff's pleading at Docket Number 114 has been linked to Defendants' Motion to Dismiss, (doc. 25). This pleading is actually Plaintiff's Brief in Support of his Rule 60 Motion, and the Court has considered the assertions in Plaintiff's Brief in reaching its decision.

4

sufficient information to assess these Motions. Accordingly, the Court exercises its discretion to decide these Motions without a hearing. See Local R. 7.2 ("Motions shall generally be determined upon the motion and supporting documents filed as prescribed herein."). The Court **DENIES** Plaintiff's Motion for an Evidentiary Hearing regarding his Motion for Jury Instructions and Motion to be Relieved of Court Order. To the extent Plaintiff seeks an evidentiary hearing regarding a motion for summary judgment, the Court **DISMISSES as premature** this portion of Plaintiff's Motion, as no motion for summary judgment is currently pending before the Court.

**SO ORDERED**, this 29th day of March, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA