IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

      Plaintiff,

  v.

STEVE UPTON, et al.,

      Defendants.

CIVIL ACTION NO.: 6:16-cv-6

## O R D E R

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's October 19, 2020 Order. (Docs. 188, 189.) For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections. The Court's October 19, 2020 Order remains the Order of the Court.

**BACKGROUND**

On March 16, 2020, Defendants filed a Motion for Extension of Time requesting an additional seven (7) days to file their Reply brief. (Doc. 180.) This Motion was filed on the day the Reply brief was due. Although Plaintiff indicated he served the response February 26, 2020, Defendants asserted they did not receive the mailed copy of his response until March 9, 2020. (Id. at pp. 1–2.) Therefore, Defendants requested additional time to prepare their Reply brief because of the length of Plaintiff's response and the number of exhibits included. (Id. at p. 2.) Defendants filed their Reply on March 23, 2020, prior to the Court ruling on the request for an extension. (Doc. 182.) The Reply was filed within the requested extension deadline.

Plaintiff submitted two filings claiming Defendants' Reply was improper and should be rejected. (Docs. 186, 187.) In these documents, Plaintiff claims Defendants did not timely file their Reply brief and the correct attorney of record was not listed on the Reply brief. On October 19, 2020, the Magistrate Judge denied Defendants' Motion for Extension of Time as moot. (Doc. 188.) The Magistrate Judge stated, "The reply is now considered timely filed, as Plaintiff does not experience prejudice due to a seven-day delay." (Id.) On November 9, 2020, Plaintiff filed an Objection to the Magistrate Judge's October 19, 2020 Order. (Doc. 189.) Plaintiff argues Defendants violated Federal Rule of Civil Procedure 11(a), and prejudice is assumed. (Id.)

## STANDARD OF REVIEW

"Rule 72 [of the Federal Rules of Civil Procedure] fundamentally differentiates between nondispositive and dispositive matters, for purposes of delineating the authority of magistrate judges." Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *3 (S.D. Ala. July 23, 2008); see also Fed. R. Civ. P. 72. A motion requesting an extension of time is a nondispositive matter. Under Rule 72(a), a party may object to a magistrate judge's ruling on a nondispositive matter by "fil[ing] objections to the magistrate judge's order within 14 days after being served with a copy of it." United States v. Dickert, 635 F. App'x 844, 851 (11th Cir. 2016). District judges will review the objections but can only "modify or set aside" the magistrate judge's order if the order "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); Dickert, 635 F. App'x at 851.

"The 'clearly erroneous or contrary to law' standard of review is extremely deferential." Pigott, 2008 WL 2937804, at *3. "[A] finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with definite and firm conviction that a mistake has been committed.'" Traylor v. Howard, No. 1:10-CV-1316-CAP,

2010 WL 11527089, at *1 (N.D. Ga. June 1, 2010) (quoting Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005)); see also Howard v. Hartford Life & Acc. Ins. Co., No. 3:10-CV-192-J-34, 2012 WL 3069384, at *2 (M.D. Fla. July 26, 2012). "A magistrate judge's order 'is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (quoting Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

## DISCUSSION

The Magistrate Judge's October 19, 2020 Order is not clearly erroneous. First, Defendants did not violate Federal Rule of Civil Procedure 11. Federal Rule of Civil Procedure 11 does specify every written motion must be signed by at least one attorney of record. Defendants' Motion for Extension was signed by Tina Cheng. (Doc. 180, p. 3.) Tina Cheng was an attorney of record at that time. She did not move to withdraw until March 24, 2020. (Doc. 183.) Defendants' Reply was signed by Matthew Boyer. (Doc. 182, p. 13.) Matthew Boyer has been an attorney of record in this case since the beginning of the proceedings. (See Doc. 9.) Therefore, Plaintiff's argument that Defendants' Motion and Reply violate Federal Rule 11 is frivolous. Moreover, Plaintiff does not explain how any possible error prejudices him.

Second, the Magistrate Judge's finding that Defendants' Reply was timely filed was not clearly erroneous. Federal Rule of Civil Procedure 6(b) specifies the Court may for good cause grant an extension "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Here, Defendants requested an extension the day the Reply was due. Therefore, the request was made before the original time expired. The Magistrate Judge did find good cause because Defendants experienced a delay in receiving Plaintiff's response, which was lengthy. (Doc. 188.) The Reply was then filed prior to the requested time

expired.[1]  Plaintiff did not articulate a reason why he experiences prejudice solely due to a seven-day delay.  Thus, the Magistrate Judge did not err in finding the Reply timely filed.

## CONCLUSION

The Magistrate Judge's finding that Defendants' Reply timely filed is not clearly erroneous nor contrary to law.  Thus, the Court **OVERRULES** Defendants' Objection, (doc. 189), and the October 19, 2020 Order remains the Order of this Court.

**SO ORDERED**, this 23rd day of December, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]  Although Plaintiff asserts he received the filing later than March 23, 2020, this Court's records demonstrate the Reply was electronically filed on March 23, 2020. (Doc. 182.)  Plaintiff likely received the filing soon after this date because the filing was mailed to him.